```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

CYRIL WINEBRENNER,

                          Petitioner,

    -vs-

HAROLD H. GRAHAM, Superintendent
of Auburn Correctional Facility,

                          Respondent.

**No. 1:13-CV-01226 (MAT)**
**DECISION AND ORDER**

## I. Introduction

Cyril Winebrenner ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered March 30, 2005, in Monroe County Court (Marks, J.), following his plea of guilty to murder in the first degree (N.Y. Penal Law § 125.27(1)(a)(vi) and (b)). Petitioner is currently serving a sentence of life imprisonment without the possibility of parole.

## II. Factual Background and Procedural History

By Monroe County Indictment Number 393/2003, petitioner was charged with the murder for hire of his half-sister, Tabatha Bryant. Kevin Bryant, Tabatha's husband and petitioner's brother-in-law, hired petitioner to perform the murder for a sum of $5,000.00. On July 13, 2003, petitioner approached Tabatha, who was in her house asleep, and shot and stabbed her to death. Petitioner thereafter pleaded guilty to one count of murder in the first degree, and was sentenced to life imprisonment without the

possibility of parole. The Monroe County District Attorney's Office initially sought the death penalty for the crime, but after the New York State Court of Appeals held New York's death penalty statute unconstitutional, see People v. LaValle, 3 N.Y.3d 88 (2004), the DA's office withdrew its notice of intent to seek the death penalty.

Following his plea and sentence, petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) trial counsel was ineffective for failing to investigate his history of mental illness with respect to a competency argument; and (2) the trial court abused its discretion in failing to order a competency examination pursuant to New York Criminal Procedure Law ("CPL") § 730(1) before accepting his guilty plea.

The Fourth Department unanimously affirmed petitioner's judgment of conviction. See People v. Winebrenner, 96 A.D.3d 1615 (4th Dep't 2012), lv. denied, 19 N.Y.3d 1029. The Fourth Department found that the trial court did not err in failing to *sua sponte* order a competency examination prior to petitioner's plea, and that the court likewise did not err in failing to subsequently order an examination because "the evidence contained in the presentence report ["PSI"] and sentencing memorandum [which the court received after the plea] did not raise any doubt about [petitioner]'s competency at the time of the plea or at the time of sentencing."

2

Id. at 1616-17. The Fourth Department rejected petitioner's ineffective assistance argument, finding that petitioner "failed to demonstrate the absence of strategic or other legitimate explanations . . . for the absence of a psychiatric . . . defense" and therefore denied this contention on the merits. Id. at 1617. The court also found that the ineffective assistance argument relied on matters outside the record and was therefore not properly presented on direct appeal. Id.

On May 4, 2013, petitioner filed a motion to renew his direct appeal, arguing that his appellate counsel had denied him the right to file a *pro se* supplemental motion and that the trial court sentenced him vindictively when petitioner refused to testify against a co-defendant. The Fourth Department construed petitioner's motion as one for a writ of error coram nobis, and denied the motion. On September 27, 2013, the Fourth Department denied petitioner's motion to reargue. See People v. Winebrenner, 107 A.D.3d 1647 (4th Dep't 2013), rearg. denied, 109 A.D.3d 1218, lv. denied, 22 N.Y.3d 960.

Petitioner filed a second coram nobis motion, while his first remained pending, on September 3, 2013. Petitioner argued that appellate counsel was ineffective for thwarting petitioner's efforts to file a *pro se* supplemental brief on direct appeal, and that counsel failed to argue that petitioner's indictment was duplicitous in violation of federal due process principles. The

3

Fourth Department denied the motion on November 8, 2013, and petitioner did not seek leave to appeal. See People v. Winebrenner, 111 A.D.3d 1366 (4th Dep't 2013) (denying coram nobis motion).

The instant petition contends that (1) petitioner's sentence was "unconstitutionally vindictive"; (2) trial counsel was ineffective for allowing petitioner to plead guilty without investigating petitioner's history of mental illness; (3) the trial court abused its discretion by failing to order a competency examination for petitioner before accepting his guilty plea; (4) appellate counsel was ineffective for failing to raise petitioner's vindictive sentencing claim and for hampering petitioner's efforts to file a *pro se* supplemental brief; and (5) the indictment was duplicitous. For the reasons discussed below, the petition is dismissed.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established

4

Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.    Procedurally Defaulted Claims (Grounds One and Five)**

Petitioner's arguments that his sentence was "unconstitutionally vindictive" and that the indictment was duplicitous (grounds one and five of his petition) are record-based and could have been raised on direct appeal; thus, they are deemed exhausted but procedurally barred. See Quiles v. Chappius, 2014 WL 4652742, *15 (S.D.N.Y. Sept. 18, 2014), aff'd, 648 F. App'x 83 (2d Cir. 2016) (noting that "record-based claims may now be 'deemed' exhausted but procedurally barred because [p]etitioner may not raise them again in state court and fully exhaust them") (citing N.Y. Ct. Rules § 500.20(02); CPL § 440.10(2)(c); DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004) (per curiam)). Petitioner has not alleged cause and prejudice to overcome the procedural bar. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Carvajal v. Artus, 633 F.3d 95, 108 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

### B. Ineffective Assistance of Trial Counsel (Ground Two)

Petitioner contends that his trial counsel was ineffective for failing to investigate a possible psychiatric defense and for allowing petitioner to plead guilty without so investigating. These claims are unexhausted but based largely on matters outside the record, as the Fourth Department noted. Because the claims are not record-based, the Court will address them on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

To establish ineffective assistance of counsel at either the trial or appellate level, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

However, where a defendant pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the

6

guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Rather, a petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional] standards." Id.; see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings.").

Petitioner's ineffective assistance claims relate to matters occurring prior to the entry of his guilty plea. Therefore, the claims are barred under the precedent cited above. Moreover, nothing in the record indicates that the voluntariness of petitioner's plea was affected by the alleged ineffective assistance. As the Fourth Department noted, the record "establishe[d] that defense counsel attempted to obtain the records related to defendant's hospital admission but had no success." Winebrenner, 96 A.D.3d at 1617. The Fourth Department also correctly found that the record of the plea proceeding revealed that petitioner spoke coherently about his role in the crime, stated that he understood the plea of guilty, responded appropriately to the trial court's questions, and defense counsel raised no issue regarding petitioner's fitness to proceed. Id. Accordingly, petitioner's ineffective assistance of trial counsel claims are dismissed as meritless.

### C. Trial Court's Failure to *Sua Sponte* Order Competency Examination (Ground Three)

The Fourth Department's rejection of this claim was not contrary to, nor an unreasonable application of, relevant federal precedent. The Supreme Court has held that a trial judge must raise competency on its own motion only where "the evidence raises a 'bona fide doubt' as to defendant's competence to stand trial." Pate v. Robinson, 383 U.S. 375, 385 (1966); see also Silverstein v. Henderson, 706 F.2d 361, 369 (2d Cir. 1983) ("[T]he trial court must order a hearing when there is 'reasonable ground' for believing that the defendant may be incompetent to stand trial."). Here, as the Fourth Department found, the record of petitioner's plea indicates that he was fully competent at the time his plea was taken. The Fourth Department noted that although sentencing documents the trial court received after the plea "established that, 10 months before the crime and 2 ½ years before the plea, defendant had a 24-hour hospitalization that was allegedly caused by a conversion disorder," no evidence in the record indicated that this isolated incident affected petitioner's competency at the time of the plea. Pate, 383 U.S. at 385. Accordingly, the trial court was not presented with a "bona fide doubt" such that it was required to order a competency examination on its own motion. This claim is therefore dismissed.

### D. Ineffective Assistance of Appellate Counsel (Ground Four)

Finally, petitioner contends that his appellate counsel was ineffective for failing to raise the issue of the vindictiveness of

8

petitioner's sentence and for "hamper[ing]" petitioner in the filing of a *pro se* supplemental brief. Doc. 1 at 9. Petitioner's argument that his sentence was "unconstitutionally vindictive" is not cognizable on habeas review, because the sentence fell within the lawful range of state law sentences upon a conviction of murder in the first degree and petitioner has presented no evidence that the sentence amounted to impermissible retaliation against petitioner by the trial court for the exercise of petitioner's rights. See Cox v. Herbert, 420 F. Supp. 2d 144, 158 (W.D.N.Y. 2006) ("A petitioner's challenge to the term of his sentence generally does not present a cognizable constitutional issue if the sentence falls within the applicable statutory range."). It is axiomatic that counsel was not ineffective for failing to raise this meritless claim. See, e.g., Allah v. Duncan, 2003 WL 23278846, *6 (E.D.N.Y. Dec. 11, 2003).

Petitioner has put forth no evidence to establish his second claim, that appellate counsel somehow hampered him in the filing of a *pro se* supplemental brief. Even if counsel had advised petitioner, as petitioner has argued, that he could not file a *pro se* supplemental brief without permission from the Appellate Division, such advice did not constitute ineffective assistance. See People v. White, 73 N.Y.2d 468, 469 (1989) (noting that "decision [to accept *pro se* supplemental briefs] lies within the sound discretion of the [Appellate Division]"). Accordingly,

petitioner's ineffective assistance of appellate counsel claims are dismissed.

**V. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   May 4, 2017
         Rochester, New York.